UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ULTIMO GLOBAL HOLDINGS, LLC,          )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )          No. 1:25-cv-01252-SEB-MJD
                                      )
SCOTT NEWCOMER,                       )
AMY NEWCOMER,                         )
ALL AMERICAN ASSOCIATION OF HOME      )
INSPECTORS, INC.,                     )
                                      )
                    Defendants.       )

## ORDER ON PENDING MOTIONS

Defendants Scott Newcomer, Amy Newcomer, and All American Association of Home Inspectors, Inc. ("Defendants") removed this action to our Court on the basis of diversity jurisdiction. Now before the Court are Plaintiff Ultimo Global Holdings, LLC's ("Ultimo") Motion to Remand, dkt. 12, and Defendants' Motion for Reassignment, dkt. 14. We resolve these motions below.

## BACKGROUND

This litigation arises out of an ongoing contract disagreement among the parties. Although the underlying factual disputes are not relevant to our resolution of the pending motions, we proceed below with a summary of the relevant procedural background.

## I.    Prior Litigation

In July 2022, Ultimo filed a breach-of-contract lawsuit against Scott and Amy Newcomer (the "Newcomers") in the Hamilton Superior Court, which the Newcomers timely

removed to this Court on the basis of diversity jurisdiction. *Ultimo Global Holdings, LLC v. Newcomer et al.*, No. 1:22-cv-01578-JPH-MG (S.D. Ind. Aug. 9, 2022) (notice of removal) (hereinafter "*Ultimo I*"). Following a December 22, 2022, settlement conference with Magistrate Judge Mario Garcia, the parties entered into a binding settlement agreement (the "Settlement Agreement") that resolved all substantive components of their disagreement. *Id.* at dkt. 31, 35, 46, 48. On October 26, 2023, the parties filed a joint stipulation of dismissal with prejudice, and, on October 31, 2023, final judgment entered in *Ultimo I* accordingly. *Id.* at dkt. 55, 57.

Shortly thereafter, on December 13, 2023, Ultimo returned to federal court and moved to enforce the Settlement Agreement, alleging that the Newcomers had failed to make timely payments. *Id.* at dkt. 58. However, because "a disagreement about whether parties to a settlement have honored their commitments is a contract dispute," the Court directed Ultimo "to either withdraw its motion or to demonstrate why the motion should not be denied on jurisdictional grounds." *Id.* at dkt. 60 (internal citations omitted). Ultimo timely withdrew its motion to enforce on January 10, 2023. *Id.* at dkt. 62.

## II.    Subsequent Litigation

On July 2, 2024, Ultimo filed a second lawsuit against Defendants in the Hamilton Superior Court based on Defendants' alleged breach of the Settlement Agreement. *Ultimo Global Holdings, LLC v. Newcomer et al.*, No. 29D02-2407-PL-07295 (Ham. Sup. Ct. July 2, 2024) (hereinafter, "the State Court Action"). On September 5, 2024, Defendants moved to enforce the venue selection clause contained in the Settlement Agreement, according to which "the District Court for the Southern District of Indiana shall be exclusive venue for

resolving any dispute arising out of or relating to the settlement." *Ultimo I*, No. 1:22-cv-01578-JPH-MG, dkt. 35 at 5 (S.D. Ind. Jan. 19, 2023) (terms of the Settlement Agreement). On November 20, 2024, the state court denied Defendants' motion, reasoning that the amount in controversy did not meet the federal jurisdictional threshold.

On June 23, 2025—a week before a scheduled hearing on Ultimo's fee petition relating to its successful motion to compel—Defendants removed the State Court Action to our Court, purportedly on the basis of diversity jurisdiction. Dkt. 1. According to the Notice of Removal, complete diversity of citizenship exists because Ultimo "is a limited liability company organized under the laws of the State of Delaware"; Defendants Scott and Amy Newcomer "reside[ ]" in Florida; and Defendant All American Association of Home Inspectors, Inc. ("All American") is a Florida corporation with its principal place of business in Florida. Dkt. 1 at 4. Defendants also aver that the amount-in-controversy requirement is satisfied because, on June 22, 2025, Ultimo allegedly asserted its right, pursuant to the Settlement Agreement, to a monetary payment "of 20% of the net . . . proceeds from [an] asset or equity sale of All American within 3 years or $620K," whichever is greater, "which shall be paid no more than 30 months from the effective date of the [S]ettlement Agreement." Dkt. 1 at 2, 4. (Thirty months from the Settlement Agreement's December 22, 2022, effective date is, the parties agree, June 22, 2025. Dkt. 12 at 8; dkt. 16 at 7.)

On June 24, 2025, Defendants filed a supplemental jurisdictional statement, wherein they assert that Ultimo's "sole member is P. Nathan Thornberry, who is an individual, and, upon information and belief, a citizen of Indiana." Dkt. 6 at 1.

3

On July 21, 2025, Ultimo filed a motion to remand for lack of subject-matter juris-diction. Dkt. 12. Defendants filed their response on August 4, 2025, dkt. 16, and Ultimo filed its reply on August 11, 2025, dkt. 17. Thus, Ultimo's Motion to Remand is fully briefed and ripe for ruling.

On July 21, 2025, Defendants moved to have the instant case reassigned to Magis-trate Judge Garcia, pursuant to Local Rule 40-1(e) and (f), dkt. 14, which Ultimo opposed on July 25, 2025, dkt. 15. Defendants have not filed a reply, and the time for doing so has since passed. Accordingly, Defendants' Motion for Reassignment is ripe for ruling.

## DISCUSSION

### I.    Motion to Remand

#### A.    Applicable Legal Standard

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A defendant may re-move to federal court any action filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441(a). "[I]f the case stated by the initial pleading is not remov-able, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The removing party bears the burden of establishing that federal jurisdic-tion exists, *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009), and "must establish any disputed aspect of diversity jurisdiction by offering 'evidence which

proves a reasonable probability that jurisdiction exists." *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (citation modified).

"[N]either the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction." *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000). "Jurisdiction should be ascertained before . . . removing a suit to federal court[ ]." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Indeed, "[l]awyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations." *Id.*; *see also Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) (stating that "federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.") (citations omitted).

## B.    Legal Analysis

Ultimo argues that a remand must be ordered because Defendants have failed to properly allege the essential elements of diversity jurisdiction: that is, Defendants' averments do not establish (1) complete diversity of citizenship between the parties as well as (2) an amount in controversy that exceeds $75,000, exclusive of interests and costs.

Before turning to the Ultimo's arguments, we note *sua sponte* that Defendants' Notice of Removal contains several jurisdictional deficiencies that neither party here has addressed. First, Defendants' allegation that the Newcomers "reside[ ]" in Florida, dkt. 1 at 4; dkt. 6 at 2, does not, as a matter of law, establish the Newcomers' citizenship for diversity jurisdiction purposes. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). "[R]esidence and citizenship are not synonyms[,] and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616,

617 (7th Cir. 2002). An individual's citizenship for purposes of diversity jurisdiction "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). On this basis alone, Defendants' Notice of Removal is legally inadequate.

Likewise, Defendants have failed to plead that the amount in controversy "exceeds $75,000, *exclusive of interests and costs*." 28 U.S.C. § 1332(a) (emphasis added). The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

To the extent that the above-described jurisdictional deficiencies could be cured through an amended notice of removal, Ultimo has identified additional discrepancies that preclude a finding of complete diversity between the parties; and of an amount in controversy satisfying the jurisdictional threshold. We address these arguments below.

### 1.    *Complete Diversity of Citizenship*

To invoke the diversity jurisdiction of a federal court, the dispute must be between citizens of different states. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.* "Failure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson*, 299 F.3d at 617.

6

The dispute here concerns Ultimo's citizenship. In removing this action, Defendants aver that Ultimo "is a limited liability company organized under the laws of the State of Delaware" and that its "sole member is P. Nathan Thornberry, who is an individual, and, upon information and belief, is a citizen of Indiana." Dkt. 6 at 1. Thus, Defendants maintain, "complete diversity of citizenship exists between the parties because" Ultimo "is a citizen of Delaware,[1] its sole member is a citizen of Indiana, and Defendants are citizens of Florida." *Id.* at 2.

Ultimo asserts that a remand must be ordered because Defendants impermissibly rely "upon information and belief," which is legally insufficient to invoke the subject matter jurisdiction of a federal court; and because Ultimo and Defendants in fact share Florida citizenship, thereby destroying complete diversity of citizenship.

Contrary to Defendants' averment that P. Nathan Thornberry is Ultimo's sole member, Ultimo asserts that Thornberry Group, LLC ("Thornberry Group") has been its sole member since March 2023. Vollmer Decl. ¶ 3, dkt. 12-1 (Declaration of Ultimo's Chief Executive Officer Alix Vollmer ("Vollmer")). Thornberry Group's members include Vollmer, P. Nathan Thornberry, Jennifer Thornberry, Logan Thornberry, Ethan Thornberry, and Justin Thacker. *Id.* ¶ 5. One of Thornberry Group's members, Logan Thornberry ("L.

---

[1] Of course, that Ultimo Global is "organized under" Delaware law does not make it a Delaware citizen for diversity jurisdictional purposes, though Ultimo does not challenge this aspect of Defendants' jurisdictional allegations. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction."); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (describing removal allegation of a "Delaware limited liability company" as "irrelevant information").

Thornberry"), has provided a declaration wherein he states that he has been a member of Thornberry Group since "at least April 2024." L. Thornberry Decl. ¶ 2, dkt. 12-2. In January 2024, L. Thornberry became President of Farma Sci Life, Inc. (d/b/a Blue Moon Hemp), a Florida corporation with its principal office located in Fort Lauderdale, Florida. *Id.* ¶¶ 3– 4. Since joining Farma Sci Life, L. Thornberry has lived and worked in Florida. *Id.* ¶¶ 5– 6. L. Thornberry's romantic partner joined him in Florida in April 2024, and his parents P. Nathan Thornberry and Jennifer Thornberry, who are also members of Thornberry Group, reside at his Florida home "at certain times throughout the year." *Id.* ¶ 7. L. Thornberry "maintain[s] belongings and other personal property" at his Florida home, and he "intend[s] to make and consider[s] Florida as [his] home." *Id.* ¶¶ 8–9. Based on the foregoing, Ultimo maintains that L. Thornberry "is domiciled in Florida and is a citizen of Florida for diversity purposes," and, because Ultimo's citizenship is that of its members, Ultimo is also a Florida citizen for diversity purposes. Dkt. 12 at 7.

Defendants respond that, prior to the instant motion, Ultimo had not alerted them to the possibility of their incomplete diversity. Specifically, in *Ultimo I*, P. Nathan Longberry provided a September 2022 declaration stating he was Ultimo's sole member and a citizen of Indiana, dkt. 16-1 at 95–96; and, when opposing Defendants' motion to enforce in the State Court Action, Ultimo challenged only whether the amount in controversy met the federal jurisdictional threshold—not whether the parties were completely diverse. Based on Ultimo's previous representations as to its members (and therefore its citizenship) as well as public records reflecting no changes to Ultimo's members, Defendants maintain that they had reasonable grounds to remove this matter on the basis of diversity jurisdiction.

In light of Ultimo's newly revealed members, however, Defendants request, albeit without citations to supporting legal authority, that we permit limited jurisdictional discovery rather than ordering a remand. Dkt. 16 at 6.

We can make short work of Defendants' request. Defendants' legal counsel "have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations." *Heinen*, 671 F.3d at 670. Part and parcel of that responsibility is to investigate the essential prerequisites of federal jurisdiction prior to removal. *See id.* "When a case is removed from state to federal court, . . . we analyze our jurisdiction *at the time of removal*, as that is when the case first appears in federal court." *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 568 (7th Cir. 2022) (citation modified). Defendants' unquestioned reliance on Nathan Thornberry's September 2022 declaration as license for their June 2025 removal fails to demonstrate that defense counsel exercised due diligence in investigating the essential components of federal jurisdiction. Likewise, that Ultimo did not raise the parties' (non-)diverse citizenship in state court does not inform whether diversity jurisdiction exists, as "neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction." *Tittjung*, 235 F.3d at 335.

We recognize that litigants' efforts to ascertain the citizenship of an LLC's members are often frustrated by that fact that, "in [a] handful of states . . . (among them Delaware), [an LLC's] members can be anonymous," meaning that "an authorized third-party representative can register [an] LLC without disclosing the identities of the LLC's members." *Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022) (citation modified). "Even in states that do not formally permit anonymous LLCs, it can be challenging to ascertain the

citizenship of the LLC's members from publicly available sources, particularly when the membership roster includes additional LLCs or other non-corporate entities." *Id.* At bottom, however, Defendants assumed the risk of an erroneous removal by failing to undertake a complete and thorough accounting of Ultimo's citizenship before filing a notice of removal.

Unwilling to concede the absence of complete diversity, Defendants have submitted rebuttal evidence that they contend disproves the averred Florida citizenship of L. Thornberry, a single member within Thornberry Group's multi-member organization. *See generally* dkt. 16-1. This strategy, of course, does not comport with Defendants' burden requiring them, as the proponent of federal jurisdiction, to show the existence of complete diversity. "Whichever side chooses federal court *must establish jurisdiction*; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (emphasis added).

Defendants' "remove-first-and-examine-whether-complete-diversity-exists-later" approach also persuades us that post-removal jurisdictional discovery is not an appropriate use of the Court's or the opposing party's resources. *See Circle Centre Mall LLC v. Zurich Am. Ins. Co.*, No. 1:14-CV-01160-JMS, 2014 WL 4539983, at *5 (S.D. Ind. Sept. 11, 2014); *Sabo v. Dennis Techs., LLC*, No. 07-CV-283-DRH, 2007 WL 1958591, at *4 (S.D. Ill. July 2, 2007) ("The removal statutes clearly contemplate that discovery in support of removal will be conducted in state court before removal, not after.").

In sum, Defendants have failed to carry their burden of establishing complete diversity of citizenship between the parties. A remand shall be ordered accordingly.[2]

### 2. Attorney Fees & Costs

Ultimo also seeks an award of attorney fees and costs incurred in connection with removal, pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A party lacks an "objectively reasonable basis" for removal "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). As explained by the Seventh Circuit, this standard for awarding attorney's fees under § 1447(c) "encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (citing *Lott*, 492 F.3d at 793).

As is relevant here, it is clearly established that diversity jurisdiction requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Likewise, it is well established that the propriety of removal depends on the facts and circumstances *at the time of removal* and that the removing party, as the proponent of federal jurisdiction, is obligated to undertake and ensure federal jurisdiction exists *prior to* removal. *See, e.g.*, *Hukic*, 588 F.3d at 427; *Heinen*, 671 F.3d at 670. These legal principles align with counsel's

---

[2] Having resolved the Motion to Remand based on the lack of complete diversity, we do not address the parties' disagreement as to the amount in controversy.

"professional obligation to analyze subject-matter jurisdiction *before* judges need to question the allegations." *Heinen*, 671 F.3d at 670 (emphasis added).

According to Defendants' own argument, they "first became aware that there may be a jurisdictional issue (given the fact it had never before been raised through years of contested litigation) based on Plaintiff's [present] allegations, and conducted research regarding the same." Dkt. 16 at 3. In other words, Defendants have readily disclosed that they did not conduct any investigation—never mind a reasonable investigation—into Ultimo's citizenship. That Defendants gave short shrift to their pre-removal investigatory responsibilities demonstrates to us that Defendants lacked an objectively reasonable basis for removal. Moreover, Defendants' repeated assertions that removal was justified by the fact that Ultimo "had not previously raised the [citizenship] issue" in "defense to federal jurisdiction," dkt. 16 at 4, is equally baseless and incompatible with settled legal authority. *Tittjung*, 235 F.3d at 335 (parties and their lawyers cannot waive jurisdictional arguments). Defendants' removal was therefore unreasonable, and Ultimo is entitled to recover its attorney fees and costs under § 1447(c).

## CONCLUSION

For these reasons, Ultimo's Motion to Remand is **GRANTED**. Dkt. 12. Ultimo shall state its attorney's fees and costs "incurred as a result of removal," 28 U.S.C. § 1447(c), within **thirty (30) days** of the date of this Order. All remaining motions are hereby **DENIED as moot**.

The Clerk is **DIRECTED** to **REMAND** this case to the Hamilton Superior Court.

IT IS SO ORDERED.

Date: _____10/23/2025_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven A Baldwin
Barnes & Thornburg LLP
steven.baldwin@btlaw.com

Aaron Hall
Amundsen Davis, LLC
ahall@amundsendavislaw.com

Paul D. Mackowski
Amundsen Davis, LLC
pmackowski@amundsendavislaw.com

Jessica Puetz
Amundsen Davis, LLC
jpuetz@amundsendavislaw.com