UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ULTIMO GLOBAL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT NEWCOMER,<br>AMY NEWCOMER,<br>ALL AMERICAN ASSOCIATION OF HOME INSPECTORS, INC.,<br><br>Defendants. | ) | No. 1:25-cv-01252-SEB-MJD |

**ORDER ON AWARD OF ATTORNEY FEES & COSTS**

On October 23, 2025, we remanded this case to the Hamilton Superior Court for lack of federal subject-matter jurisdiction, ruling in relevant part that Plaintiff Ultimo Global Holdings, LLC ("Ultimo") was entitled to recover its attorney fees and costs incurred as a result of the wrongful removal of this action, pursuant to 28 U.S.C. § 1447(c). Now before the Court is Ultimo's Motion for Attorney Fees, which it timely filed on November 24, 2025, seeking an award of $35,342.50. Dkt. 22. This amount reflects seventy-one (71) attorney hours reportedly expended as a result of Defendants Scott Newcomer, Amy Newcomer, and All American Association of Home Inspectors, Inc.'s ("Defendants") wrongful removal. Defendants filed no response, and the time for doing so has long since passed. Ultimo's Motion for Attorney Fees is thus ripe for ruling. For the reasons stated below, Ultimo's motion is **GRANTED** as modified as explained below. Dkt. [22].

**LEGAL STANDARD**

Section 1447(c) authorizes district courts to award "just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). As noted by the Seventh Circuit, the removal statute's mention of "actual" and "incurred" differentiates it from

other fee-shifting statutes. *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367 (7th Cir. 2000). "Improper removal prolongs litigation (and jacks up fees). Under the American Rule parties bear their expenses in one court system, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Id.* at 367–68. Section 1447(c) therefore "contemplate[s] that the victor should recoup his full outlay." *Id.* at 367. In the same vein, "§ 1447(c) is *not* a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." *Garbie v. DaimlerChrysler, Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citing *Tenner v. Zurek*, 168 F.3d 328, 29–30 (7th Cir. 1999)).

"Recoverable costs and expenses are those that would not have been incurred had the case remained in state court." *Speece v. Am. Fam. Mut. Ins. Co.*, No. 1:10-cv-1595-SEB, 2011 WL 5827194, at *1 (S.D. Ind. Nov. 17, 2011). Excluded from the category of recoverable costs, however, are ordinary litigation expenses—that is, expenses that would have been incurred had the action remained in state court. *Id.* Similarly, district courts do not award amounts that are excessive relative to the time spent by the attorney, the complexity of the legal work, and/or the overall value of the case simply because the victor claims that his fees were "actually incurred." *Id.* (citing *Huffman v. Saul Holdings*, 262 F.3d 1128, 1135 (10th Cir. 2001)).

Reasonable attorney fees are generally calculated by the lodestar method, which requires the Court to multiply the number of hours reasonably expended on the matter by an attorney's reasonable hourly rate. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). Excluded from the number of hours reasonably expended are those that are "excessive, redundant, or otherwise unnecessary." *Small v. Richard Wolf Medical Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001).

## DISCUSSION

Ultimo seeks a total fee award of $35,342.50 for seventy-one hours of work by three attorneys at Barnes & Thornburg LLP in Indianapolis, Indiana: partner Steven Baldwin ("Mr. Baldwin"); partner Robert Alexander Swider ("Mr. Swider"); and then-second-year associate Gabriela Ocampo Serrano ("Ms. Serrano"). Baldwin Decl. ¶¶ 6–7, dkt. 22-1. Ultimo received a five percent discount on its invoices from Barnes & Thornburg until October 2025, at which time the discount increased to ten percent. Baldwin Decl. ¶ 17, dkt. 22-1. The instant fee request is inclusive of these discounts.

### I. Reasonable Hourly Rate(s)

A reasonable hourly rate is the local market rate for the attorney's services. *Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020). Counsel bears the burden of producing satisfactory evidence that the hourly rate is reasonable and commensurate with prevailing rates in the community. *Thomas v. Shoshone Trucking, LLC.*, No. 4:20-CV-00209-TWP-KMB, 2023 WL 2649490, at *3 (S.D. Ind. Mar. 27, 2023).

In this case, Messrs. Baldwin and Swider charged an hourly rate of $590.00, and Ms. Serrano charged an hourly rate of $430.00. Baldwin Decl. ¶¶ 7, 10, 13, dkt. 22-1. These rates are, according to Mr. Baldwin, less than each attorney's standard rates. *Id.* The average hourly rates for attorneys at Midwestern AmLaw 100 firms with experience akin to that of Ultimo's counsel are $622.00 (for partners) and $455.00 (for associates). *Id.* ¶¶ 8, 11, 14. We find Ultimo's counsel's rates to be reasonable and will use those rates in calculating the fee award in this case

### II. Reasonable Expenditure of Hours

Between June 24, 2025, and November 19, 2025, Ultimo asserts that a total of 71 attorney hours were expended because of Defendants' wrongful removal: 43.2 hours were billed at the $590

hourly rate for partners; and 27.8 hours were billed at the $430 hourly rate for associates. The time log prepared by Ultimo's counsel reflects the following outlays: approximately 53.1 hours ($28,001.00) spent on the motion to remand; approximately 8.3 hours ($4,657.00) spent on Defendants' motion for reassignment; and approximately 7.2 hours ($3,368.00) spent on the instant fee petition. Dkt. 22-2. We regard the 15.5 attorney hours spent on the motion for reassignment of the magistrate judge and fee petition as reasonable and necessarily incurred as a result of removal, supporting an award of **$7,455.35** (inclusive of the appropriate 5-percent and 10-percent discounts). The remaining aspects of Ultimo's fee petition require closer scrutiny, however.

Some of Ultimo's counsel's time entries are problematically vague such that we cannot readily discern whether the fees were incurred as a result of Defendants' removal or another aspect of the litigation. *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("As to the reasonableness of the hours expended, when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or . . . reduce the proposed fee by a reasonable percentage."). For example, on August 6, 2025, Mr. Swider billed 0.4 partner hours ($236.00) "[w]ork[ing] on analysis related to whether [redacted]." Dkt. 22-2 at 2. Because we are unable to ascertain from this description whether Mr. Swider's time was related to these removal proceedings, we will disallow his 0.4-hour expenditure on the grounds of vagueness. *FitzMark, LLC v. Rogers*, No. 1:23-cv-00895-TWP-TAB, 2024 WL 758017, at *4 (S.D. Ind. Feb. 23, 2024) (same). Similarly, on November 19, 2025, Mr. Baldwin billed 2.0 partner hours ($1,180) "[r]evis[ing] fee petition related to order granting motion to compel and supporting documentation." Dkt. 22-2 at 2. A review of the docket reveals that no motion to compel was litigated before or resolved by this court. Mr. Baldwin's 2.0-hour expenditure re: a motion to compel shall therefore

be stricken as unrelated to costs "incurred as a result of removal." 28 U.S.C. § 1447(c). Ultimo's fee award amount shall be reduced accordingly.

Lastly, although Defendants failed to respond to Ultimo's fee petition, we view the requested 53.1 attorney hours for time spent on Ultimo's motion to remand, which amounts to a figure of $28,001.00 (not inclusive of any discount), as excessive relative to the novelty and complexity of the question(s) presented and the value of the dispute between the parties, which Ultimo previously represented as being "less than $10,000.00." Dkt. 12 at 8. The 53.1 hours spent by Ultimo's counsel in preparing and drafting its motion to remand and supporting materials (e.g., 10-page supporting brief and 10-page reply) are out of line with the typical amounts of time necessary to resolve routine jurisdictional issues supporting remand—namely, the lack of diversity among the parties as well as the lack of an amount in controversy exceeding $75,000, exclusive of interests and costs. The number of hours invested in this task exceeds a normal forty-hour work week, and there is nothing before us that indicates a basis for that outlay of time. Ultimo's fee request, therefore, also exceeds fee awards in similar cases in this district and division. *E.g.*, *VPG Grp. Holdings LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:20-cv-01505-JRS-TAB, dkt. 47 (S.D. Ind. Mar. 24, 2021) (reducing requested award of $67,917.10 to $4,453.00); *Jackson Cnty. Bank v. Dusablon*, No. 1:18-cv-01346-SEB-MPB, 2018 WL 3496959 (S.D. Ind. July 19, 2018) (reducing requested award of $19,712.00 to $9,035.61), *aff'd,* 915 F.3d 422 (7th Cir. 2019).

It would be unjust to require Defendants to bear the costs of Ultimo's counsel's (unexplained) inefficiencies. Given the imprecise phrasing of Ultimo's counsel's time log entries, *e.g.*, dkt. 22-2 at 1 (4.0 partner hours "[w]ork[ing] on motion to remand"), we are unable to conduct an item-by-item accounting of Ultimo's fee petition in order to identify and delete duplicative and/or unreasonable time entries. However, to bring the claimed fees closer to a reasonable market rate

commensurate with the nature of the legal services performed, we shall reduce the $28,001.00 fee incurred in responding to Defendants' wrongful removal by fifty percent (50%), which constitutes an award of $14,000.50. *See Harper*, 223 F.3d at 605. Inclusive of the five-percent discount applicable to these hours, Ultimo shall be awarded **$13,300.48** for fees relating to the motion to remand.

## CONCLUSION

For the reasons outlined above, Ultimo's Motion for Attorney Fees is hereby **GRANTED in part**. Dkt. [22]. Ultimo is **AWARDED** attorney fees and costs in the amount of **$20,755.83** ($7,455.35 + $13,300.48), pursuant to 28 U.S.C. § 1147(c).

IT IS SO ORDERED.

Date: 11/10/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven A Baldwin
Barnes & Thornburg LLP
steven.baldwin@btlaw.com

Aaron Hall
Amundsen Davis, LLC
ahall@amundsendavislaw.com

Paul D. Mackowski
paul.mackowski@skofirm.com

Jessica Puetz
Amundsen Davis, LLC
jpuetz@amundsendavislaw.com